# Exhibit 3

PTA Template 269C1 - OCT16 - First Appeal                                    (GS:14.06.19)



# IN THE COURT OF APPEAL, CIVIL DIVISION

REF: **A4/2020/0622 & 0623/PTA**



### ARCELORMITTAL USA LLC     –v–     RUIA & ORS

## ORDER made by the Rt. Hon. Lord Justice Newey

On consideration of the appellant's notice and accompanying documents, but without an oral hearing, in respect of an application for permission to appeal

---

**Decision:  Permission to appeal refused**

---

**Reasons**

The appeal has no real prospect of success and there is no other compelling reason for this Court to hear it.

Although the appellant's particulars of claim rely on a number of events from 2012 as having been occurred pursuant to a wrongful conspiracy, the appeal focuses on the restatement in ESL's 2016 accounts.

There is real scope for argument as to some of the judge's observations in relation to that restatement. It can plausibly be contended that, whether or not the 2014 and 2015 accounts were precisely correct in the approach they adopted, EGFL must have had a US$1.5 billion liability to ESL and that the accounting treatment adopted in 2016 was wrong. Among other things, it is open to question whether the possibility of rescission was relevant to the analysis.

On the other hand, the restatement cannot of itself have affected any liability EGFL had to ESL. As the judge said, the 2016 accounts "simply set out a summary of the transactions in 2013 and then state the revised accounting treatment accorded to those transactions". The appellant suggests that it can be inferred that ESL waived its claim against EGFL, but the judge was justified in considering that the inference was not warranted. Not only is there no direct evidence of waiver, but, as the judge pointed out, there is no indication that EGFL has relied on waiver or equivalent transaction as having brought to an end any liability it might have had to ESL.

On this basis, the change in accounting treatment, even if wrong, cannot have rendered the appellant unable to recover what it is owed under the arbitration award. If before the restatement ESL had a claim against EGFL by reason of which the appellant could have enforced payment, it still has it. The restatement will not have changed ESL's balance sheet position.

That being so, the change in the 2016 accounts cannot found a good arguable case that there was a conspiracy causing it to lose US$1.5 billion, as alleged. To the contrary, the judge was entitled to consider that the evidence did not establish a cogent case that the restatement amounted to a dissipation or attempted dissipation, A conspiracy involving merely the change in accounting treatment would, as the judge noted, have been one "pursuant to which the only demonstrable or reasonably inferable step taken to implement it was not a transaction at all but merely a change in the accounting treatment of transactions effected three years previously, in accounts which were never proffered to or relied on by [the appellant] (and on which EGFL does not appear subsequently to have relied in the proceedings it has brought in Mauritius seeking a declaration of non-liability)".

In the circumstances, the appellant has no real prospect of successfully impugning the judge's conclusion that the appellant has not shown a good arguable case. It follows that the overall appeal has no real prospect of success.

---

Signed:

Date: 20 April 2020

**Notes**

(1)  Rule 52.6(1) provides that permission to appeal may be given only where –
   a)   the Court considers that the appeal would have a real prospect of success; or
   b)   there is some other compelling reason why the appeal should be heard.

(2)  Where permission to appeal has been refused on the papers, that decision is final and cannot be further reviewed or appealed.  See rule 52.5 and section 54(4) of the Access to Justice Act 1999.

(3)  Where permission to appeal has been granted you must serve the proposed bundle index on every respondent within 14 days of the date of the Listing Window Notification letter and seek to agree the bundle within 49 days of the date of the Listing Window Notification letter (see paragraph 21 of CPR PD 52C).

Case Number: **A4/2020/0622 & 0623/PTA**