**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARCELORMITTAL NORTH AMERICA
HOLDINGS LLC

*Plaintiff,*

v.

ESSAR GLOBAL FUND LIMITED,

*Defendant,*

and

MESABI METALLICS COMPANY LLC
f/k/a ESSAR STEEL MINNESOTA LLC,

*Garnishee.*

Case No.: 21-cv-06975-KPF

Honorable Katherine Polk Failla

## DECLARATION OF RITISH DOORBIZ

I, RITISH DOORBIZ, declare under penalty of perjury as follows:

1. I am the company secretary for Essar Global Fund Limited ("Essar Global"). I submit this Declaration in support of the motion of Essar Global and Mesabi Metallics Company LLC to dismiss the complaint of ArcelorMittal North America Holdings LLC ("AMNAH") in the above-captioned action for *forum non conveniens* and adjudicative comity.

2. I have served as company secretary at Essar Global since 5 January 2018. As such, I have personal knowledge of the facts set forth in this Declaration.

3. Essar Global is a limited company organized under the laws of the Cayman Islands that operates primarily out of Mauritius. Essar Global has no immediate business in New York and therefore is not authorized, licensed, or registered in New York or the United States. Accordingly, Essar Global does not itself maintain (and has never maintained) an office in its own name in New York or the United States, nor otherwise operate in or provide services in New York or the United States.

4.      Since 2013, the board meetings for Essar Global have taken place in Mauritius where the majority of its directors and company secretary have been based.  There have not been any board meetings of Essar Global held in the United States and none of its officers have ever been resident in the United States.  At all relevant times prior to 2011, when Essar Global was known as Essar Global Limited, the board meetings also took place in Mauritius.  Since 2013, the directors of Essar Global have included Nigel Bell, Rajiv Gujjalu and Bilal Sassa. Sushil Baid was appointed as an alternate director to Rajiv Gujjalu for the month of December 2018 and again from 28 November 2019 to 31 December 2019 when Rajiv Gujjalu, the sole board member of Essar Global, was unavailable due to personal commitments.  None of Essar Global's directors or officers have been located or resident in New York or indeed the United States.  Mr Bell is based in the United Kingdom.  Mr Gujjalu is based in Mauritius.  Mr Sassa is based in Mauritius.  Mr Baid was based in Mauritius from 2011 to 2020 (and is now based in the United Arab Emirates).

5.      Essar Steel Limited (in administration) became a wholly owned subsidiary of Essar Global on 15 February 2008, and is a limited company organized under the laws of Mauritius that operates out of Mauritius.  Essar Steel is not authorized, licensed, or registered to do business in New York or the United States.  Accordingly, Essar Steel does not maintain (and has never maintained) an office in New York or the United States, nor otherwise operate in or provide services in New York or the United States.

6.      At all relevant times, the board meetings for Essar Steel have taken place in Mauritius, its place of incorporation and operation.  There have not been any board meetings of Essar Steel held in the United States and none of its officers have ever been resident in the United States.  Since 2011, the directors of Essar Steel have included Sushil Baid, Kaviraj Nuckchedee, Uday Kumar Gujadhur, Rajkamal Taposeea, Firdhose Coovadia, Sonia Lutchmiah, Prashant Ruia, Malay Mukherjee and Ravikant Ruia.  None of these directors is

located in the New York or indeed the United States.  Mr Baid was based in Mauritius from 2011 till 2020 and is based in Dubai, UAE since 2021.  Mr Nuckchedee is based in Mauritius.  Mr Gujadhur is based in Mauritius.  Mr Taposeea is based in Mauritius.  Mr Coovadia is based in South Africa.  Ms Lutchmiah is based in Mauritius.  Mr Prashant Ruia was based in Dubai, UAE during his tenure as director from 2010 to 2016.  Mr Mukherjee was based in India during his tenure as director from 2010 to 2012.  Mr Ravikant Ruia held residence in Mauritius during his tenure as director from 2010 to 2012.

7.      I understand that AMNAH alleges in this action that Essar Steel fraudulently transferred $1.5 billion to Essar Global through a change in accounting treatment in Essar Steel's 2016 financial statements in order to prevent AMNAH from collecting an arbitral award issued by the International Chamber of Commerce ("ICC") against Essar Steel for breach of an agreement to supply iron ore pellets to ArcelorMittal USA LLC.  The change in accounting treatment—and the allegations of fraudulent transfers and/or some element of collusion in Essar Steel's waiving this amount from Essar Global—is also the subject of prior and pending litigation in both Mauritius and England.

8.      As reflected in contemporaneous minutes for board of director meetings of Essar Global and Essar Steel (as disclosed in the current proceedings on this matter in England), the change in accounting treatment in Essar Steel's 2016 financial statements correctly reflected transactions that were planned and approved in connection with a longstanding (solvent) restructuring plan that had been developed in conjunction with external professional advisers.  All approvals for the restructuring plan were obtained by the relevant Boards and other governance bodies within the entities involved, all of which occurred outside of the United States.  In mid-2011, Essar Steel began outlining plans for a restructuring at board of director meetings held in Mauritius.  Those plans, which the board approved in March 2012, were intended to capitalize Essar Steel Asia Holdings Limited ("Essar Asia"), a new

intermediate holding company organized under the laws of Mauritius, through the transfer of Essar Steel's interest in Essar Steel India Limited (a company incorporated in India) ("Essar India") to Essar Asia. The documents related to the planning, approval, and execution of the restructuring are located primarily in Mauritius. I am aware of these facts based on the minutes and records of Essar Global.

9.      In devising the plan, Essar Steel received tax advice from Grant Thornton Mauritius, valuation and accounting services from Ernst & Young India, and legal advice from Allen & Overy LLP (privilege in which is not waived). None of the third-party advice was provided by these entities from the United States. The documents relating to , or arising from, these advisory services were located in Mauritius, and have been referred to in the proceedings in England which was provided details of the plan, its implementation and its aim in a hearing in March 2020.

10.      In connection with the plan, Essar Steel transferred most of its shares in Essar India to Essar Asia in exchange for promissory notes valued at the same amount as the transferred shares. Essar Steel subsequently assigned the promissory notes to its parent company, Essar Global in anticipation that the promissory note would be extinguished through a buy-back of shares of Essar Steel. As reflected in Essar Steel's audited financial statements from 2013 through 2015, the result of these transactions was initially, but erroneously, recorded by its auditors as a loan receivable owed by Essar Global. Those financial statements were audited by accountants from Deloitte operating out of Mauritius, and the documents pertaining to the audits are located in Mauritius. The financial statements were approved by Essar Steel's board of directors, at board meetings held in Mauritius. The documents related to those board meetings are located in Mauritius. I am aware of these facts based on the minutes of Essar Steel.

11.    In 2016, upon management of Essar Steel realizing the errors that had been made in the prior financial statements (prepared by the third party auditors), Essar Steel referred the matter to its then auditors, Nexia Baker & Arenson, whom upon examination of the underlying documents took immediate steps to rectify the error and to accurately reflect that the promissory notes had been transferred to Essar Global as an advance on a future buyback of shares in its 2016 financial statements.  Essar Steel also restated its 2014 and 2015 audited financial statements to correct the characterization of the transactions.  The 2016 financial statement and the restated 2014 and 2015 financial statements were audited by accountants from Nexia Baker & Arenson operating out of Mauritius, and the documents pertaining to the audits are located in Mauritius.  The financial statements were approved by Essar Steel's board of directors, at board meetings held in Mauritius.  The documents related to those board meetings are located in Mauritius.  I am aware of these facts based on the minutes of Essar Steel.

12.    None of the relevant witnesses or documents regarding the restructuring plan or change in accounting treatment are located in New York or the United States.

13.    I understand that AMNAH has relied on the presence of Madhu Vuppuluri in New York to establish a nexus between this case and New York.  Mr Vuppuluri is resident in New York, but importantly he has never had any authority over or within Essar Global or Essar Steel, is a manager of non-party Essar Capital Americas, Inc., which maintains an office in New York and I understand he was previously the President of Essar Steel Minnesota LLC through until around 2016.  Mr Vuppuluri had no involvement with:  the planning, approval, or execution of the restructuring transactions at issue; the preparation or approval or Essar Steel's financial statements; or the subsequent amendments that the auditors of Essar Steel made to the financial statements to correct the errors made in earlier years.

14.     If this litigation continues in New York, it will be highly inconvenient for Essar Global and for any relevant individual witness affiliated with Essar and any relevant third-party witnesses, all of whom are located outside the United States and primarily in a jurisdiction that is far removed from the United States.  In addition to the need for separate United States counsel (in addition to counsel already appointed in England and Mauritius), it is time consuming and expensive to travel to New York from Mauritius and would be burdensome to the ongoing business of Essar Global.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Mauritius
        January 13, 2022

_____
Ritish Doorbiz