**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARCELORMITTAL NORTH AMERICA
HOLDINGS LLC

    *Plaintiff,*

  v.

ESSAR GLOBAL FUND LIMITED,

    *Defendant,*

  and

MESABI METALLICS COMPANY LLC
f/k/a ESSAR STEEL MINNESOTA LLC,

    *Garnishee.*

Case No.: 21-cv-06975-KPF

Honorable Katherine Polk Failla

## DECLARATION OF MUHAMMAD REZA CASSAM UTEEM

I, Muhammad Reza Cassam Uteem, declare under penalty of perjury as follows:

1. I am a Barrister at Law in Uteem Chambers, a law firm duly registered under the Mauritian Law Practitioners Act, located in Mauritius. I submit this Declaration in support of the motion of Essar Global Fund Limited ("Essar Global") and Mesabi Metallics Company LLC to dismiss the complaint of ArcelorMittal North America Holdings LLC ("AMNAH") in the above-captioned action for *forum non conveniens* and adjudicative comity.

2. Since 30 April 2019, I have represented Essar Global in various proceedings in Mauritius. I have personal knowledge of the proceeding brought by Essar Global on 6 May 2019 in the Supreme Court of Mauritius, Commercial Division, seeking an order declaring that Essar Global was not indebted to Essar Steel Limited ("Essar Steel") (the "Mauritius Adversarial

Proceeding"). As such, I have personal knowledge of the Mauritius Adversarial Proceeding and its relationship to the above-captioned action.

3. On 26 March 2019, the board of directors of Essar Steel resolved to place Essar Steel in administration in Mauritius, its place of incorporation. The board appointed insolvency practitioner Abdul Sattar Adam Alimamode Hajee Abdoula, the CEO of Grant Thornton Mauritius, as administrator. At the time of his appointment, Mr. Abdoula had no ties to Essar Steel or the Essar group. Mr. Abdoula previously served as an independent non-executive director of Essar Energy Limited between 2010 and 2014, and as a director of Essar Oil (UK) Ltd between 2012 and 2014. With over 30 years of experience as an insolvency practitioner, Mr. Abdoula is uniquely positioned to conduct complex administrations like Essar Steel's.

4. As a potential creditor of Essar Steel, ArcelorMittal USA LLC ("AMUSA"), AMNAH's predecessor, obtained an *ex parte* order from the Supreme Court of Mauritius, Bankruptcy Division, appointing Mushtaq Mohamed Oomar Noormohamed Oosman as an additional administrator of Essar Steel on 19 April 2019. On 17 April 2019, AMUSA filed an application in the Supreme Court of Mauritius, Bankruptcy Division, to end the administration of Essar Steel and remove Mr. Abdoula as administrator, and this application is, to my knowledge, still pending before the Court.

5. On 22 April 2019, Essar Steel, acting through its directors under their residual powers, appealed the order appointing Mr. Oosman as an additional administrator of Essar Steel. The appeal was heard on the merits on 15 January 2020 and was determined and set aside on 2 September 2020.

6. On 6 May 2019, Essar Global initiated the Mauritius Adversarial Proceeding against Essar Steel in the Supreme Court of Mauritius, Commercial Division, seeking an order

2

declaring that Essar Global was not indebted to Essar Steel. Essar Global commenced the Mauritius Adversarial Proceeding after AMUSA alleged that it was entitled to garnish the purported debt owed by Essar Global to Essar Steel to collect an arbitral award issued by the International Chamber of Commerce ("ICC") against Essar Steel for breach of an agreement to supply iron ore pellets to AMUSA. Essar Global named AMUSA, VTB Bank (PJSC), another potential creditor, and Rogers Capital Corporate Services Ltd, the Management Company and Company Secretary of Essar Steel, as co-defendants in the Mauritius Adversarial Proceeding.

7. I understand that in this action, AMNAH has characterized the Mauritius Adversarial Proceeding as "collusive litigation" and a "sham action" because it was brought by Essar Global against its subsidiary, Essar Steel (which was in administration at that material time), and because Essar Global was initially represented in the Mauritius Adversarial Proceeding by Dave Boolauky, Attorney at Law from BLC Robert & Associates ("BLC Robert"), the same law firm that previously represented Essar Steel in challenging the recognition and enforcement of the ICC arbitral award in Mauritius. There is nothing collusive or procedurally improper about the Mauritius Adversarial Proceeding. Essar Global initiated the proceeding only after obtaining leave from the Supreme Court of Mauritius, Bankruptcy Division, on 2 May 2019 pursuant to section 244 of the Mauritius Insolvency Act. Essar Global was required under Mauritius procedure to assert its claims against Essar Steel because the declarations it seeks concern a purported debt owed to Essar Steel. In its Plaint, Essar Global named AMUSA as an additional co-defendant and specifically disclosed that AMUSA had "obtained an arbitral award dated 19 December 2017 against [Essar Steel] under the aegis of the [ICC] … and a worldwide freezing Order from the English Court against [Essar Steel] in support thereof," and had "also obtained search and disclosure orders against [Essar Global] as well as Essar Capital Limited … in the Cayman Islands."

3

Mr. Boolauky, Attorney at Law from BLC Robert, filed a letter in Court in the Mauritius Adversarial Proceeding to the effect that his firm was not conflicted to act for Essar Global in the Mauritius Adversarial Proceeding *inter alia* because (i) Essar Global and Essar Steel are two separate and distinct entities, and (ii) the Mauritius Adversarial Proceeding (which concerns the validity of buyback contracts in 2013 between Essar Global and Essar Steel) and the proceedings whereby Essar Steel challenged the recognition and enforcement of the ICC arbitral award in Mauritius involved different subject matters. In any event, in order not to protract matters on the issue of representation of Essar Global, Mr. Boolauky withdrew from the Mauritius Adversarial Proceeding and on 18 June 2020, Mr. Bhooneswur Sewraj, Senior Attorney, of Sewraj Solicitors, appeared as substitute attorney for Essar Global in the Mauritius Adversarial Proceeding in lieu of Mr. Boolauky. This substitution of attorney has been acceded to by the Mauritius Court.

8.     The Mauritius Adversarial Proceeding seeks to resolve the propriety of the same transactions and accounting restatement at issue in this action. As set forth in the Plaint: "AMUSA has contended that by means of the Corporate Reorganisation, [Essar Steel] dissipated assets in the region of US$1.5b to [Essar Global] and did so at a time when [Essar Steel] knew it was financially exposed to AMUSA and as a consequence, [Essar Global] may be liable to [Essar Steel] in respect of same…. [T]he Corporate Reorganisation did not result in any dissipation by [Essar Steel] of its assets, and further [Essar Steel] had no legal relationship with AMUSA until after the Corporate Reorganisation and was not financially exposed to AMUSA at the time of the Corporate Reorganisation…. [Essar Global] denies each and all of the allegations made or implied by AMUSA aforesaid and accordingly, seeks the appropriate declarations from this Court, being the Court which has jurisdiction in relation to the Buybacks and over [Essar Steel]."

9.      On 23 September 2019, AMUSA obtained an interim order from the Supreme Court of Mauritius, Commercial Division, preventing Essar Steel and Mr. Abdoula in his capacity as administrator of Essar Steel from convening, holding, and/or conducting the watershed meeting of Essar Steel or any other meeting of Essar Steel's creditors on 26 September 2019 or on any other date prior to or subsequent to 26 September 2019. There is currently a deadlock as to whether the administration of Essar Steel has come to an end because the watershed meeting could not be held during the period as prescribed under the Mauritian Insolvency Act 2009.

10.     The progress of the Mauritius Adversarial Proceeding has been stalled since the appointment of Mr. Oosman as an additional administrator on 19 April 2019 because the said *ex parte* order dated 19 April 2019 (referred to in paragraph 4 above) specified that Mr. Abdoula and Mr. Oosman must exercise jointly and concurrently their powers as administrators and no single administrator shall take any decision alone and because there is deadlock as to whether the administration of Essar Steel has ended or not. Although the Mauritius Adversarial Proceeding was initiated more than two years ago, Essar Steel has not yet filed its responsive stand to the Plaint—all as a result of the *ex parte* order dated 19 April 2019 (referred to in paragraph 4 above) and the deadlock as to whether the administration of Essar Steel has ended or not. The issue of whether the administration of Essar has ended or not is already the subject matter of an application filed by VTB Bank (PJSC) against Essar Steel and others before the Supreme Court of Mauritius, Bankruptcy Division (which is still pending as at date before the Court).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Mauritius
       January 13, 2022

                          Muhammad Reza Cassam Uteem

6